## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQVILENT INVESTMENTS LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  26-0228-RGA |
| | ) | |
| AMBERWELL LLC and | ) | |
| MIKHAIL PONOMAREV, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' COMBINED ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION TO DISMISS AND REPLY BRIEF IN FURTHERSUPPORT OF <u>DEFENDANTS' PARTIAL MOTION TO DISMISS</u>**

Travis S. Hunter (#5350)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
hunter@rlf.com
haynes@rlf.com

*Attorneys for Defendant*

Dated:  July 29, 2026

RLF1 36289598v.1

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

CONCLUSION ........................................................................................................................ 4

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arcuri v. Cnty. of Montgomery*,
  No. 20-5408, 2021 WL 1811576 (E.D. Pa. May 6, 2021)........................................................2

*Carroll v. E One Inc.*,
  893 F.3d 139 (3d Cir. 2018)..................................................................................................3

*Levy-Tatum v. Navient Sols., Inc.*,
  183 F.Supp.3d 701 (E.D. Pa. 2016) ...................................................................................2, 3

*Mobil Oil Corp. v. Advanced Env't Recycling Techs., Inc.*,
  203 F.R.D. 156 (D. Del. 2001) ............................................................................................1

*Shaw v. New Castle Cnty.*,
  No. 20-950-CFC, 2021 WL 4125648 (D. Del. Sept. 9, 2021)...................................................2

STATUTES & RULES

Rule 41(a)(2) ........................................................................................................................1, 3

ii

**ARGUMENT**

Plaintiff initiated this action in the Delaware Court of Chancery on February 5, 2026 seeking to confirm a foreign arbitration award. D.I. 1 ¶ 1 & Ex. 1. On March 4, 2026, Defendant Amberwell LLC ("Amberwell") removed this action to this Court on the basis that federal courts have original jurisdiction over actions to confirm foreign arbitration awards. *Id.* ¶¶ 5-11. On March, 25, 2026, Amberwell filed its answer to the complaint. D.I. 7.

On April 10, 2026, rather than simply proceed with its original claim, Plaintiff filed an amended complaint, asserting two additional claims against Mikhail Ponomarev, a non-party to the arbitration award. D.I. 8. Count II seeks to confirm the arbitration award against Mr. Ponomarev. Count III purports to assert a claim for fraudulent transfer against Mr. Ponomarev. As a result of Plaintiff's tactics, Mr. Ponomarev was forced to retain counsel, and on June 16, 2026, Defendants filed a partial motion to dismiss Counts II and III of the Amended Complaint (D.I. 13) on two grounds: (1) Counts II and III are not appropriately asserted in this proceeding and (2) the allegations fail to state a claim upon which relief can be granted. *See* D.I. 14. In response, Plaintiff filed its own partial motion to dismiss pursuant to Rule 41(a)(2) to voluntarily dismiss its owns claims without prejudice. D.I. 17. Plaintiff thus now concedes that Counts II and III should be dismissed. The parties, however, dispute the grounds and conditions on which dismissal should be granted.

The issues should be decided first on Defendants' motion to dismiss. "The purpose of Rule 41(a)(2) is to prevent voluntary dismissals which prejudice the opposing party and to permit the imposition of curative conditions." *Mobil Oil Corp. v. Advanced Env't Recycling Techs., Inc.*, 203 F.R.D. 156, 158 (D. Del. 2001). Plaintiff seeks voluntary dismissal of Counts II and III so that it may pursue these claims in a separate lawsuit. D.I. 17 at 5. But, while Plaintiff now concedes that Counts II and III should not have been asserted in this action in the first place (*id.* at 3-4), Plaintiff

only does so in response to Defendants' motion. Moreover, Plaintiff fails to address the significant pleading deficiencies raised by Defendants in support of their motion to dismiss. Plaintiff's only argument as to the pleading deficiencies is that dismissal should not be with prejudice. *Id.* at 5 ("Even if Defendants were correct about the pleading deficiencies (which Eqvilent disputes), failure to plead sufficient facts to support veil piercing before a court has addressed the substantive issues is not grounds for dismissal with prejudice."); *see also id.* ("And failure to plead fraud with particularity is not, by itself, grounds for dismissal with prejudice."). Plaintiff's failure to substantively address these deficiencies amounts to waiver or abandonment of these claims against Mr. Ponomarev. *See Arcuri v. Cnty. of Montgomery*, No. 20-5408, No. 20-5408, 2021 WL 1811576, at *10 (E.D. Pa. May 6, 2021) (holding that plaintiffs "waived their claim" against certain defendants "by failing to substantively respond to [those defendants'] arguments to dismiss the claim against them"); *Levy-Tatum v. Navient Sols., Inc.*, 183 F.Supp.3d 701, 712 (E.D. Pa. 2016) (stating that "[t]his Court has previously treated a plaintiff's failure to address a defendant's arguments for dismissal as an abandonment," and collecting cases); *see also Shaw v. New Castle Cnty.*, No. 20-950-CFC, 2021 WL 4125648, at *2 (D. Del. Sept. 9, 2021) (holding that plaintiff's "failure to address the [defendant's] arguments for dismissal of the remaining claims constitutes abandonment of those claims" and dismissing those claims).

Plaintiff's brief does not meaningfully or substantively address the deficiencies raised by Defendant with respect to Count II. Specifically, Defendants argued in their opening brief that "[t]he Amended Complaint merely pleads the factors courts consider in whether to pierce the veil in conclusory fashion based solely 'upon information and belief.'" D.I. 14 at 9 (citing D.I. 8 ¶¶17-20). Defendants also argued that "[t]he Amended Complaint fails to plead any non-conclusory allegations that Amberwell is 'a sham that exist[s] for no other purpose than as a vehicle for

fraud.'" *Id.* at 10. Plaintiff points to *no* allegations in its Amended Complaint that support a claim for veil piercing. Accordingly, Count II should be dismissed with prejudice. *See Levy-Tatum*, 183 F.Supp.3d at 712 (dismissing claims with prejudice).

Plaintiff's brief likewise fails to substantively address Defendants' arguments that Count III fails to plead fraud with particularity. Again, Defendants argued that "the Amended Complaint contains only conclusory allegations based almost entirely 'upon information and belief' and makes no specific allegations either as to the intent to defraud or the circumstances of the alleged fraudulent transfer." D.I. 14 at 11. Plaintiff failed to respond to this argument. As with Count II, Count III should be dismissed with prejudice for Plaintiff's failure to address Defendants' arguments.

To the extent Counts II and III are not dismissed with prejudice, dismissal of Counts II and III should be conditioned on an award of fees to Defendants for having to move to dismiss claims that Plaintiff now concedes should not have been filed in the first place. As the Third Circuit has recognized, this Court has broad discretion to award attorneys' fees and costs in connection with a Rule 41(a)(2) dismissal. *See Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018). Ordinarily, attorneys' fees and costs are not awarded if the dismissal is with prejudice because "dismissal with prejudice protects a defendant from otherwise repetitive litigation." *See id.* On the other hand, "dismissal without prejudice leaves a defendant at risk of re-litigating dismissed issues." *Id.* Here, Plaintiff has expressly said that it intends to initiate a second litigation asserting Counts II and III against Mr. Ponomarev. D.I. 17 at 5.

Plaintiff may argue that fees are not justified here because the case has not progressed past the pleadings stage, but that argument ignores the history of this case. First, Plaintiff initiated this case in the wrong court, forcing Amberwell to remove the case to this Court. Then, after

Amberwell answered, Plaintiff improperly sought to expand the scope of this case by amending its complaint, adding a new defendant, Mr. Ponomarev, and asserting two additional claims against him. Only after Defendants moved to dismiss Counts II and III did Plaintiff seek voluntary dismissal of the claims. As discussed above, however, Plaintiff failed to address the pleading deficiencies raised in Defendants' motion even though Plaintiff apparently intends to re-assert the claims.[1] Having incurred attorneys' fees in connection with moving to dismiss Counts II and III and facing the prospect that the same deficient claims will be asserted again, Defendants should be awarded their fees for having to file their motion to dismiss.

<b>CONCLUSION</b>

For the reasons set forth herein and in Defendants' opening brief, Defendants respectfully request that the Court dismiss Counts II and III with prejudice or, in the alternative, dismiss Counts II and III without prejudice and award Defendants their fees and costs associated with having their motion to dismiss.[2]

---

[1] Any attempt by Plaintiff to address the pleading deficiencies in its reply brief in further support of its Motion to Dismiss should be ignored. Any opposition to Defendants' motion should have been addressed in response to that motion.

[2] Should the Court award fees, Defendants will provide the amount of fees and costs they seek and documents sufficient to support that request.

_/s/ Christine D. Haynes_
Travis S. Hunter (#5350)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
hunter@rlf.com
haynes@rlf.com

Dated:  July 29, 2026

_Attorneys for Defendant_

5