**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Eqvilent Investments Ltd.,<br><br>     Plaintiff,<br><br>     v.<br><br>Amberwell LLC and Mikhail Ponomarev,<br><br>     Defendants. | Case No. 26-cv-228-RGA |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE
<u>PURSUANT TO FRCP 41</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .........................................................................................................1

   I.  Defendants Cite No Authority to Deny Dismissal of the Ponomarev Claims Without Prejudice.................................................................................................1

   II. Eqvilent Does Not Concede Its Claims "Should Never Have Been Brought" But Instead Elects to Litigate the Merits Instead of Procedure .........................2

   III.Eqvilent Did Not Abandon its Claims Against Ponomarev..............................2

   IV.  No Exceptional Circumstances Justify Attorney's Fees .................................3

CONCLUSION......................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Arcuri v. Cnty. of Montgomery*,
   2021 U.S. Dist. LEXIS 86857 (E.D. Pa. May 6, 2021) ....................................2, 3

*Baldinger v. Cronin*, 535 F. App'x 78 (3d Cir. 2013) ...............................................1

*Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018) ...................................................4

*DivX, LLC v. Realtek Semiconductor Corp.*,
   2024 LX 194287 (D. Del. June 4, 2024)...............................................................1

*Langlais v. Pennmont Benefit Servs.*,
   2012 U.S. Dist. LEXIS 95897 (E.D. Pa. July 10, 2012) ........................................4

*Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701 (E.D. Pa. 2016).................3

*Reklam v. Viacom, Inc.,* 2017 U.S. Dist. LEXIS 25368 (D. Del. Feb. 23, 2017)......2

*Shaw v. New Castle County*,
   2021 U.S. Dist. LEXIS 170958 (D. Del. Sept. 9, 2021) ..................................3, 4

*vMedex, Inc. v. TDS Operating, Inc.,*
   2020 U.S. Dist. LEXIS 152059 (D. Del. Aug. 21, 2020)......................................1

**STATUTES**

Fed. R. Civ. P. 41(a)(2).............................................................................................1

Plaintiff Eqvilent Investments Ltd. ("Eqvilent") submits this reply memorandum of law in further support of its motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss its claims without prejudice against Defendant Mikhail Ponomarev.

## ARGUMENT

### I.  Defendants Cite No Authority to Deny Dismissal of the Ponomarev Claims Without Prejudice

Defendants do not cite any legal authority in opposition to Eqvilent's motion to dismiss its claims against Ponomarev without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  Nor can they since "the general rule is that [a Rule 41(a)(2)] motion should be granted liberally."  *DivX, LLC v. Realtek Semiconductor Corp.*, 2024 LX 194287, at *3-4 (D. Del. June 4, 2024) (citing *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013)).  And any failure to plead sufficient facts to support veil piercing before a court has addressed the substantive issues is not grounds for dismissal with prejudice.  *See, e.g., vMedex, Inc. v. TDS Operating, Inc.,* 2020 U.S. Dist. LEXIS 152059, at *46 (D. Del. Aug. 21, 2020); *Reklam v. Viacom, Inc.,* 2017 U.S. Dist. LEXIS 25368, *9-10, 14 (D. Del. Feb. 23, 2017).

1

**II.    Eqvilent Does Not Concede Its Claims "Should Never Have Been Brought" But Instead Elects to Litigate the Merits Instead of Procedure**

Defendants state that "Plaintiff now concedes that Counts II and III should not have been asserted in this action in the first place…" ECF No. 21 at 1.  But Eqvilent never made that concession; instead it will spend its resources litigating the merits of its claims against Ponomarev rather than litigating the question of whether it can do so in a consolidated action with the confirmation of its arbitration award.

**III.    Eqvilent Did Not Abandon its Claims Against Ponomarev**

Next, Defendants contend that Eqvilent has abandoned its claims against Ponomarev by not litigating whether it properly pled them.  But none of the cases they cite concern a dispute about whether a claim should be dismissed with or without prejudice; they each concern a plaintiff that opposed dismissal of some claims, but failed to defend others.  Moreover, *Arcuri v. Cnty. of Montgomery*, 2021 U.S. Dist. LEXIS 86857, at *33 (E.D. Pa. May 6, 2021) expressly granted the plaintiff leave to replead.

In *Arcuri*, the plaintiff opposed dismissal of some counts.  The court held the plaintiff abandoned a claim it did not defend.  *Id*, at *26-27.  Similarly, the plaintiff in *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) opposed dismissal of some of the claims against her, but did not provide arguments

2

about all of her claims, and so the court held that she abandoned the claims she did not defend in her opposition. While the court dismissed with prejudice, it only did so after the plaintiff had filed the same claim in an earlier complaint. *Id.* at 712 fn. 1. And in *Shaw v. New Castle County*, 2021 U.S. Dist. LEXIS 170958, at *2 (D. Del. Sept. 9, 2021), the defendant filed an opposition that only defended two of his claims, and so the Court held the remainder abandoned. It separately held that amendment would be futile. *Id.* at *6.

Here, Eqvilent did not abandon a defense of its claims against Ponomarev, but instead noted that Defendants' arguments do not support dismissal with prejudice. Requiring a defense of the pleading to avoid dismissal with prejudice would require plaintiffs to substantively defend the pleading of claims they elect to withdraw and waste the Court's time and the parties' resources debating moot issues. With no legal support for a dismissal with prejudice, the Court should grant dismissal without prejudice.

## IV.    No Exceptional Circumstances Justify Attorney's Fees

An award of attorney's fees is not appropriate here. Defendants cite no legal authority to support fee shifting when a plaintiff agrees to bring claims in a separate action after a defendant argues they must. Instead, they cite *Carroll v. E One Inc.*, 893 F.3d 139, 141 (3d Cir. 2018), which noted that attorney's fees are only appropriate under "exceptional circumstances," which existed in that case when the

3

"plaintiff counsel [had a] practice of repeatedly suing the [defendant] in jurisdictions throughout the country in a virtually identical fashion" and the plaintiffs could have easily discovered clear flaws in their claims.  With no comparable factors, there is no support for a fee award.

Further, even the decisions Defendants cite in which courts decline to enforce arbitration awards against third parties do not award fees against the plaintiff.  *See, e.g., Langlais v. Pennmont Benefit Servs.*, 2012 U.S. Dist. LEXIS 95897 (E.D. Pa. July 10, 2012).

Finally, Eqvilent did not file this lawsuit in the "wrong court."  ECF No. 21 at 3-4.  A case is not filed in the "wrong court" simply because it is subject to removal and the Defendants were not "forced" to remove.

## CONCLUSION

For the foregoing reasons, this Court should grant Eqvilent's motion and dismiss the claims against Ponomarev without prejudice.

Dated: August 12, 2026

Wilks Law, LLC

OF COUNSEL:

Will Newman
Will Newman Lawyer PLLC
33 Nassau Avenue, Second Floor
Brooklyn, New York 11222

*/s/ Scott B. Czerwonka*
Scott B. Czerwonka (#4844)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19806
(302) 225-0850

*Attorneys for Plaintiff*

4